SULLIVAN, J.,
concurring.
hi agree with the result reached by Chief Judge Thibodeaux but for different reasons. The Notarial Act Acknowledging Clerical Errors and Correcting Clerical Errors (Notarial Act) was executed by the notary who notarized the mortgage and Mr. Vickers. It simply “acknowledged” that “clerical errors were committed in the Collateral Mortgage” and that the “Collateral Mortgage contained the following clerical errors which should be corrected.” The affidavit then itemized three errors which are the use of a corporate name, rather than Mr. Vickers’ name individually, in three places in the mortgage. One of those errors is the signature which has Mr. Vickers appearing as corporate representative.
In In re Huber Oil of Louisiana, Inc., 311 B.R. 440 (Bankr.W.D.La.2004), the court determined that the exclusion of property from a property description in a cash sale and the mortgage which secured the purchase of the property was a clerical error by considering the affidavits of the parties to the transactions. While the Huber opinion does not clearly specify who executed affidavits and what each affiant averred therein, it indicates that the affidavits therein say more than the Notarial Act submitted by Homeland Federal Savings Bank (Homeland). The opinion states:
|2The affidavits of all parties involved, including [the closing attorney], lead to the inescapable conclusion that the exclusion of the Omitted Property occurred during the physical preparation of the documents and that no reasoning or thought process was involved. The entire record of this proceeding clearly *216 reflects an intent for Huber to transfer and Nelson to receive the Omitted Property. The court therefore finds that the inclusion of the Omitted Property in the less and except clause was a clerical error and the correction of such error is within the reach of LSA-R.S. 35:2.1.
Id. at 444.
The Notarial Act does not address the intent of the parties with regard to the mortgage, i.e., was it intended to secure a corporate loan or a personal loan to Mr. Vickers. A review of the mortgage itself does not lead to an answer because, while the title and the signature line of the document indicates that it is a corporate loan, the description of the appearer within the body of the mortgage is Mr. Vickers individually, not the corporation represented by Mr. Vickers. This supports Homeland’s claim that a clerical error occurred in the preparation of the mortgage. Furthermore, while the Petition for Intervention itemizes the indebtedness of Mr. Vickers to Homeland, no promissory notes evidencing the alleged indebtedness are attached to the Petition. The indebtedness could be Mr. Vickers’ personal debt. However, it could also be a corporate debt, as it is not unusual for the principal of a small corporation to be required to guarantee corporate loans and use personal property as collateral for such loans.
In conclusion, I find that the evidence does not establish that Homeland carried its burden of proof of establishing that the “error” sought to be corrected by the Notarial Act is a “clerical error” and would reverse the judgment of the trial court.